[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (113)
On August 21, 1997, the plaintiff, Ocwen Federal Bank 
Trust, filed a motion for strict foreclosure on its original complaint dated April 15, 1997. According to Ocwen's original complaint, Ocwen is the successor by assignment of The McCue Mortgage Company. Ocwen claims that on November 6, 1987, the defendants, Joseph and Rose Gulish, promised to pay to the order of The McCue Mortgage Company the principal sum of $86,168.57, payable with interest as provided in the promissory note. Ocwen's complaint states that the installment of principal and interest due on January 1, 1993, and each and every month thereafter, has not been paid by the plaintiffs.
On September 5, 1997, the defendants filed an answer along with special defenses and a counterclaim. The defendants claim that the bank's records are wrong. Also, the defendants attempt to raise three special defenses. The first special defense claims that the plaintiff is not the holder of the promissory note and therefore cannot sue the defendants. The second special defense asserts improper acceleration of the debt. Finally, the third special defense claims that the plaintiffs have failed to adhere to the Fair Debt Collection Act. In a counterclaim, the defendants allege that the plaintiff violated the Fair Debt Collection Act by trying to collect the debt despite notice that the amount was disputed.
On September 10, 1997, Ocwen filed a motion for summary judgment on the ground that no genuine issue of material fact exists as to the liability of the defendants. Pursuant to Practice Bcok § 380, the plaintiff filed a memorandum of law in support of the motion and attached a copy of: the mortgage and promissory note signed by the defendants, assignments of the mortgage, an affidavit of appraiser, and an affidavit of debt. In opposition to Ocwen's motion for summary judgment, the defendants CT Page 10694 filed another copy of their September 5, 1997 answer and special defenses.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995).
In support of the motion for summary judgment, the plaintiff claims that the defendants, in their disclosure of defenses, fail to present a material dispute of fact bearing upon their liability under the promissory note and mortgage. Again, the defendants did not file an objection to the motion for summary judgment.
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book § 381.
The plaintiff relies on the affidavit of appraiser in support of its motion for summary judgment. In the affidavit, the appraiser, Lynette J. Roby, swears that the matters contained in the appraisal report are the truth. However, the plaintiff failed to attach a sworn or certified copy of the appraisal report to the affidavit. Roby's affidavit may not be relied on in support of the plaintiff's motion for summary judgment because it does not comply with Practice Book § 381. Accordingly, the plaintiff's motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR., J.
CT Page 10695